**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI,
EASTERN DIVISION**

| | | |
|---|---|---|
| TITAN FISH TWO, LLC, | ) | |
| a Kansas limited liability company | ) | |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | Division ___ |
| | ) | |
| M PROPERTY SERVICES, LLC, | ) | **JURY TRIAL DEMANDED** |
| *Serve:* | ) | |
| *PEM Agency Corporation* | ) | |
| *1001 Boardwalk Spring Place* | ) | |
| *O'Fallon, MO 63366* | ) | |
| | ) | |
| PAUL J. MCKEE, JR., | ) | |
| *Serve:* | ) | |
| *1001 Boardwalk Spring Place* | ) | |
| *O'Fallon, MO 63366* | ) | |
| | ) | |
| GLENN MITCHELL, | ) | |
| *Serve:* | ) | |
| *35 Oak Park Drive* | ) | |
| *Creve Coeur, Missouri 63141* | ) | |
| | ) | |
| Defendants. | ) | |

<u>**COMPLAINT
TO SET ASIDE FRAUDULENT TRANSFERS,
FOR BREACHES OF FIDUCIARY DUTIES AND FOR OTHER RELIEF**</u>

COMES NOW Plaintiff TITAN FISH TWO, LLC ("Titan Fish") and for its causes of

action against Defendants M Property Services, LLC ("M Property Services"), Paul J. McKee,

Jr. ("McKee"), and Glenn Mitchell ("Mitchell"), hereby alleges as follows:

<u>**General Allegations**</u>

<u>The Parties, Jurisdiction, and Venue</u>

1.      Plaintiff Titan Fish is a Kansas limited liability company.  The members of

Plaintiff are residents of Kansas and Georgia.

2.      Defendant M Property Services is a Missouri limited liability company in good standing.  It may be served with process at the address set forth in the caption above.  Upon information and belief, none of the members of M Property Services are residents of Kansas or Georgia.

3.      Defendant McKee is an individual residing at 12 Dunlora Lane, St. Louis County, Missouri.  He may be served with process at the address set forth in the caption above.

4.      Defendant Mitchell is an individual residing at 35 Oak Park Drive, Creve Coeur, Missouri.  He may be served with process at the address set forth in the caption above.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  There is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

6.      This Court has personal jurisdiction over the Defendants.

7.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this cause of action occurred in this district.

8.      Plaintiff is a creditor of non-party McEagle Properties L.L.C. ("McEagle Properties") by virtue of a promissory note that McEagle Properties executed in 2008.  McEagle Properties has defaulted on this promissory note and owes Plaintiff in excess of $4.5 million.

9.      McEagle Properties is, or was, a full service real estate development company that provided development, property management and brokerage services to its clients.  Many of the services that McEagle Properties provided to its clients were through the use of affiliated entities including McEagle Property Services, L.L.C. ("McEagle Property Services") and Defendant M

Property Services, both of which provide, or provided, property management services to their clients.

10.    At all relevant times, McEagle Properties has owned 100% of the membership interests in McEagle Properties Services which had substantial assets in the form of numerous property management agreements.   McEagle Property Services recently transferred these property management agreements to Defendant M Property Services for no consideration in an attempt to hinder, delay, or defraud Plaintiff's rights as a creditor of McEagle Properties.

11.    Defendant M Property Services was formed in May 2015 and has the same ownership, the same employees, and provides the same services as did McEagle Property Services before the transfers at issue in this lawsuit.

12.    Defendant McKee was the de facto owner and manager of McEagle Properties, McEagle Property Services, and Defendant M Property Services.  Defendant McKee designed, participated in, and implemented the transfers at issue in this lawsuit in an effort to hinder, delay, or defraud Plaintiff's rights as a creditor of McEagle Properties.

13.    Defendant Mitchell is an owner of McEagle Properties and managed McEagle Property Services and now manages Defendant M Property Services.  Defendant Mitchell designed, participated in, and implemented the transfers at issue in this lawsuit in an effort to hinder, delay, or defraud Plaintiff's rights as a creditor of McEagle Properties.

<u>Plaintiff's Claim Against McEagle Properties Dates Back to 2003 and Plaintiff's Acquisition of 95% of the Membership Interests of McEagle Properties</u>

14.    On or about December 30, 2008, McEagle Properties executed a promissory note (the "Corn Belt Note") in the amount of $2,498,869.99 to the order of Plaintiff's predecessor-in-interest, Corn Belt Bank and Trust Company ("Corn Belt Bank").

15.     The Corn Belt Note constituted a replacement note for a series of promissory notes evidencing a loan that Corn Belt Bank made to McEagle Properties dating back to May 15, 2003.

16.     On September 30, 2008, McEagle Properties executed a commercial security agreement, granting Corn Belt Bank a security interest in all of the personal property owned by McEagle Properties, including its membership interests in other limited liability companies, including McEagle Property Services.

17.     The Corn Belt Note is further secured by a commercial security agreement dated May 15, 2003, executed by McEagle EIP L.L.C. ("McEagle EIP") in favor of Corn Belt Bank, as modified by a rider to security agreement dated as of May 15, 2003, wherein McEagle EIP granted Corn Belt Bank a security interest in McEagle EIP's membership interests in McEagle Properties, which was 35%.

18.     The Corn Belt Note is further secured by a commercial security agreement dated May 15, 2003, executed by Create L.L.C. ("Create") in favor of Corn Belt Bank, as modified by a rider to security agreement dated as of May 15, 2003, wherein Create granted Corn Belt Bank a security interest in Create's membership interests in McEagle Properties, which was 60%.

19.     On or about March 1, 2010 and effective February 9, 2010, the Federal Deposit Insurance Corporation, as Receiver for Corn Belt Bank, assigned to Multibank 2009-1 RES-ADC Venture LLC ("Multibank"), all of the rights, title and interest in and to the Corn Belt Note and other documents executed in connection with the loan, including the security agreements.

20.     When the Corn Belt Note matured on December 30, 2009, McEagle Properties defaulted by failing to pay the note.  By letter dated June 18, 2010, Multibank notified McEagle Properties of the default and demanded payment in full.

4

21.     On or about March 9, 2015, Multibank assigned to Plaintiff all of the rights, title, and interest in and to the Corn Belt Note and all other documents executed in connection with the loan, including the security agreements.

22.     Plaintiff is the current owner and holder of the Corn Belt Note and related security agreements and is the party entitled to enforce the terms of the Corn Belt Note and security agreements.

23.     On March 27, 2015, Plaintiff filed an action against McEagle Properties in the Circuit Court of St. Charles County, Missouri, Case No. 1511-CC00246, seeking a judgment on the Corn Belt Note and seeking to enforce its other rights under the Corn Belt Note and related security agreements.  This action is currently pending.

24.     On May 18, 2015, Plaintiff conducted a UCC Article 9 sale, pursuant to which Plaintiff offered for sale Create's and McEagle EIP's membership interests in McEagle Properties, which they had pledged as collateral for the Corn Bank Note.

25.     Plaintiff was the winning bidder at this sale, following which Plaintiff became the owner of 95% of the membership interests in McEagle Properties.

26.     Defendant Mitchell owns the other 5% of the membership interests of McEagle Properties.

27.     Before Plaintiff acquired its 95% ownership in McEagle Properties, McEagle Property Services was a party to numerous property management agreements with third party property owners, pursuant to which McEagle Property Services earned revenues in exchange for performing property management services.

28.     Shortly before or after the foreclosure sale where Plaintiff became the 95% owner of McEagle Properties, Defendants caused McEagle Property Services to terminate all of its

property management contracts and caused Defendant M Properties Services to enter into new management contracts with the same third party property owners.

29.     Defendant Mitchell was the "Director of Property Management" for McEagle Property Services until "sometime in May" of 2015, and is also the President of Defendant M Property Services, which was formed in May 2015.

30.     Defendant Mitchell has provided sworn testimony that "some McKee entity" is the owner of Defendant M Property Services and that when Defendant M Property Services makes decisions regarding its other business affairs, Defendant Mitchell (the President of Defendant M Property Services) must obtain approval from Defendant McKee.

### Count I
### Action to Address Fraudulent Transfers from McEagle Property Services to M Property Services Pursuant to R.S.Mo. § 428.024
### (Actual Fraudulent Transfer)

31.     Plaintiff realleges and incorporates paragraphs 1-30 above, as if fully set forth herein.

32.     Plaintiff has filed this action, in part, under the Missouri Uniform Fraudulent Transfer Act, R.S. Mo. §§ 428.005 et seq. and is seeking all of the relief and remedies available under this statute.

33.     McEagle Properties is, and has been at all times material hereto, a "debtor" that owes liability to Plaintiff on a "claim" pursuant to R.S.Mo. § 428.009.

34.     McEagle Property Services is a wholly-owned subsidiary and significant asset of McEagle Properties.

35.     Defendants' acts of causing McEagle Property Services to terminate its property management agreements and transferring them to Defendant M Property Services are fraudulent

transfers pursuant to R.S.Mo. § 428.024, because Defendants made these transfers with the actual intent to hinder, delay or defraud Plaintiff, a creditor of McEagle Properties.

36.     Defendants' fraudulent intent is demonstrated, in part, by the following factors:

a.   The transfers by McEagle Property Services were to an insider, namely, Defendant M Property Services, which is owned by "a McKee related entity";

b.   Defendant McKee retained possession or control of the transferred property after the transfers, given that M Property Services is owned by a "McKee Related Entity";

c.   The transfers were of substantially all of the assets of McEagle Property Services, which in turn constituted a significant portion of the assets of McEagle Properties;

d.   The value of the consideration received by McEagle Properties and McEagle Property Services – none – was not reasonably equivalent to the value of the assets transferred to Defendant M Property Services;

e.   McEagle Property Services and McEagle Properties were insolvent or became insolvent shortly after the transfers were made; and

f.   The transfers occurred shortly before or shortly after Plaintiff filed its lawsuit against McEagle Properties and shortly before Plaintiff's Article 9 sale of Create's and McEagle EIP's membership interests in McEagle Properties.

37.     By virtue of participating in and conspiring to commit these fraudulent transfers, Defendants are liable for the amount of Plaintiff's claim against McEagle Properties.

38.     Defendants' actions in planning, orchestrating, and implementing these fraudulent transfers shows an evil motive and a reckless indifference to the rights of Plaintiff, thereby warranting the imposition of substantial punitive damages to punish Defendants and to deter others from like conduct.

**Count II**
**Action to Address Fraudulent Transfers from McEagle Property Services to M Property Services Pursuant to R.S.Mo. §§ 428.024 and 428.029**
**(Constructive Fraudulent Transfers)**

39.     Plaintiff incorporates and realleges herein paragraphs 1-38 above, as if fully set forth herein.

40.     The transfers by McEagle Property Services to Defendant M Property Services are fraudulent transfers under R.S.Mo. § 428.024 because McEagle Properties and McEagle Property Services did not receive reasonably equivalent value in exchange for the transfers and they intended to incur, or believed or reasonably should have believed that they  would incur debts beyond their ability to pay as they became due.

41.     The transfers by McEagle Property Services to Defendant M Property Services are also fraudulent transfers under R.S.Mo. § 428.029(1) because Plaintiff's claim against McEagle Properties (the 100% owner of McEagle Property Services) arose before the transfers and neither McEagle Properties nor McEagle Property Services received reasonably equivalent value in exchange for the assets transferred to Defendant M Property Services and both McEagle Properties and McEagle Property Services were insolvent at that time of the transfers or they became insolvent as a result of these transfers.

42.     Defendants' actions in planning, orchestrating, and implementing these fraudulent transfers shows an evil motive and a reckless indifference to the rights of Plaintiff, thereby

warranting the imposition of substantial punitive damages to punish Defendants and to deter others from like conduct.

## Count III
## Conspiracy to Commit Fraud

43.    Plaintiff incorporates and realleges herein paragraphs 1-42 above, as if fully set forth herein.

44.    In an effort to defraud the creditors of McEagle Properties, Defendants considered and entered into a plan to fraudulently transfer the assets of McEagle Properties and McEagle Property Services' to Defendant M Property Services for no consideration.

45.    Defendants, including Defendants McKee and Mitchell, implemented this plan by causing the Defendants to do so and by executing the necessary documents on behalf of McEagle Property Services and Defendant M Property Services to transfer McEagle Property Services' interest in the property management agreements for no consideration.

46.    By engaging in this scheme, Defendants have committed a fraud upon the creditors of McEagle Properties and McEagle Property Services, and Plaintiff has been damaged by this conspiracy and fraud.

47.    Defendants' actions in planning, orchestrating, and implementing these fraudulent transfers shows an evil motive and a reckless indifference to the rights of Plaintiff, thereby warranting the imposition of substantial punitive damages to punish Defendants and to deter others from like conduct.

## Count IV
## Alter Ego Liability Against Defendant M Property Services

48.    Plaintiff incorporates and realleges herein paragraphs 1-47 above, as if fully set forth herein.

49.     The offices of Defendant M Property Services are located in the same premises as the offices of McEagle Property Services.   Defendant M Property Services has the same ownership, same employees and provides the same services to the same clients as did McEagle Property Services before the transfers at issue in this lawsuit.   They are virtually the same business with a different name, and therefore, Defendant M Property Services has successor liability for the debts and obligations of McEagle Property Services.

50.     Defendant M Property Services was formed by Defendant McKee after Plaintiff filed its lawsuit against McEagle Properties and was formed for the purpose of improperly and fraudulently shielding the assets of McEagle Properties and McEagle Property Services from the obligations owed to Plaintiff.

51.     The fraudulent transfers perpetrated by Defendants show that Defendants used Defendant M Property Services as a device to defraud Plaintiff as a creditor of McEagle Properties.

52.     Because Defendant M Property Services was improperly used as a device to defraud creditors, its corporate existence should be disregarded and it should be deemed the alter ego of Defendants.

### Count V
### Breach of Fiduciary Duty Against Defendant Mitchell

53.     Plaintiff incorporates and realleges herein paragraphs 1-52 above, as if fully set forth herein.

54.     As a manager of McEagle Property Services, Defendant Mitchell owed a fiduciary duty to its sole member, McEagle Properties, and in turn, to the members of McEagle Properties.

55.     By causing McEagle Property Services to transfer all of its assets to Defendant M Property Services for no consideration, Defendant Mitchell breached the fiduciary duty he owed to McEagle Properties and its members, including Plaintiff which owns 95% of the membership interests in McEagle Properties.

56.     Defendant Mitchell's breach of his fiduciary duties resulted in the depletion of a significant asset of McEagle Properties, thereby causing harm to Plaintiff.

57.     As an owner and manager of McEagle Properties, Defendant Mitchell also owed a fiduciary duty to Plaintiff, as the owner of 95% of the membership interests in McEagle Properties.

58.     By causing McEagle Property Services to transfer all of its assets to Defendant M Property Services for no consideration, Defendant Mitchell breached that fiduciary duty.

59.     Defendant Mitchell's breach of that fiduciary duty resulted in the depletion of a significant asset of McEagle Properties, thereby causing harm to Plaintiff.

60.     Defendants' actions in planning, orchestrating, and implementing these fraudulent transfers shows an evil motive and a reckless indifference to the rights of Plaintiff, thereby warranting the imposition of substantial punitive damages to punish Defendants and to deter others from like conduct.

### Count VI
### Breach of Fiduciary Duty Against Defendant McKee

61.     Plaintiff incorporates and realleges herein paragraphs 1-60 above, as if fully set forth herein.

62.     As the manager of McEagle Properties and the person who controlled McEagle Property Services, Defendant McKee owed a fiduciary duty to McEagle Properties and its members including Plaintiff which owns 95% of the membership interests in McEagle.

11

63.     By causing McEagle Property Services to transfer all of its assets to Defendant M Property Services for no consideration, Defendant McKee breached his fiduciary duties that he owed to McEagle Properties and Plaintiff.

64.     Defendant McKee's breach of that fiduciary duty resulted in the depletion of a significant asset of McEagle Properties, thereby causing harm to Plaintiff.

65.     Defendants' actions in planning, orchestrating, and implementing these fraudulent transfers shows an evil motive and a reckless indifference to the rights of Plaintiff, thereby warranting the imposition of substantial punitive damages to punish Defendants and to deter others from like conduct.

## Prayer for Relief

WHEREFORE, under Counts I - VI of its Petition, Plaintiff prays for the following relief against Defendants:

a.      Avoidance of the transfers made by McEagle Property Services to Defendant M Property Services;

b.      An attachment against the assets that McEagle Property Services transferred to Defendant M Property Services in accordance with the procedure prescribed by applicable law;

c.      An injunction against further disposition by Defendants of any of the assets that McEagle Property Services transferred to Defendant M Property Services;

d.      Appointment of a receiver to take charge of the assets that McEagle Property Services transferred to Defendant M Property Services;

e.      A judgment against Defendants for the amount of due under the Corn Belt Note, namely, $4,182,752.05 as of September 25, 2015, plus prejudgment interest at the applicable rate from September 25, 2015 until the date of judgment;

f.      Postjudgment interest at the applicable rate from the date of judgment until paid in full;

g.      An order authorizing Plaintiff to levy execution on the assets transferred by McEagle Property Services to Defendant M Property Services;

h.      A judgment against Defendants for the value of all assets transferred by McEagle Property Services to Defendant M Property Services;

i.      A judgment that Defendant M. Property Services is the alter ego of McEagle Properties and McEagle Property Services and/or has successor liability for the debts and obligations of these entities.

j.      A judgment against all Defendants for substantial punitive damages; and

k.      A judgment for such other relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues.

Respectfully submitted,

**LEWIS RICE LLC**

By   /s/ Joseph J. Trad
   Joseph J. Trad, MO #32540
   Robert W. Tormohlen, MO #40024
   Kyle M. Binns, MO #60092
   M. Cory Nelson, MO #63357

   600 Washington Avenue, Suite 2500
   St. Louis, Missouri 63101
   Telephone: 314.444.7729
   Fax: 314.612.7729
   jtrad@lewisrice.com

   1010 Walnut, Suite 500
   Kansas City, Missouri  64106
   Telephone: 816.421.2500
   Fax: 816.472.2500
   rwtormohlen@lewisricekc.com
   kmbinns@lewisricekc.com
   cnelson@lewisricekc.com

ATTORNEYS FOR TITAN FISH TWO, LLC